**CT Corporation**

**Service of Process Transmittal**
10/22/2019
CT Log Number 536486278

**TO:**   David Strauss
Appriss Inc.
9901 Linn Station Rd Ste 500
Louisville, KY 40223-3808

**RE:**   **Process Served in Rhode Island**

**FOR:**   Appriss Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHRISTOPHER LACCINOLE, Pltf. vs. Appriss Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Notices, Interrogatories, Request |
| **COURT/AGENCY:** | Washington County Superior Court, RI<br>Case # WC20190540 |
| **NATURE OF ACTION:** | Violation Of The Telephone Consumer Protection Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/22/2019 postmarked on 10/19/2019 |
| **JURISDICTION SERVED :** | Rhode Island |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Christopher M. Laccinole<br>17 Richard Smith Rd.<br>Narragansett, RI 02882 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/22/2019, Expected Purge Date: 10/27/2019<br><br>Image SOP<br><br>Email Notification,  KELLIE DAVIS BECKMAN  kbeckman@appriss.com<br><br>Email Notification,  JEREMY VIZCARRA  jdvizcarra@appriss.com<br><br>Email Notification,  David Strauss  dstrauss@appriss.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>2929 Allen Pkwy Ste 3300<br>Houston, TX 77019-7112 |
| **For Questions:** | 866-887-5232<br>SouthTeam3@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



ccinole
d Smith
t, RI 02882

7019 0140 0000 3358 6667





1000   02914



U.S. POSTAGE PAID
FCM LG ENV
WAKEFIELD, RI
02879
OCT 21 '19
AMOUNT
**$8.50**
R2305K138104-13

Appriss Inc.

CT Corporation System

450 Veterans Memorial Parkway ; Suite 7A

East Providence RI
02914

October 18, 2019

To:          Appriss Inc.

Subject:     Notice of Pending Superior Court Action

Dear Appriss Inc.,

The attached complaint was filed against Appriss Inc. in Rhode Island Superior Court. Find enclosed a summons, four language assistance notices, and my first set of discovery requests in this matter. Please contact me via email so that we can resolve this matter.

Sincerely,

Christopher M Laccinole
17 Richard Smith Road
Narragansett, Rhode Island 02882
chrislaccinole@gmail.com

Encl:  (1) Summons
       (2) Complaint
       (3) Four Language Assistance Notices
       (4) Plaintiff's First Set of Combined Interrogatories, Requests for Production, and Requests for Admission



STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2019-0540 |
| **Plaintiff**<br>Christopher Laccinole<br>vs. | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher Laccinole |
| **Defendant**<br>Appriss Inc. | **Address of the Plaintiff's Attorney or the Plaintiff**<br>17 Richard Smith<br>Narragansett RI 02882 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>CT CORPORATION SYSTEM<br>450 VETERANS MEMORIAL PARKWAY SUITE 7A<br>EAST PROVIDENCE RI 02914 |

**TO THE DEFENDANT, Appriss Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 10/18/2019. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON COUNTY

CHRISTOPHER LACCINOLE                           C.A. No.:
*Plaintiff*

Vs.

Appriss Inc.,
&
Does 1-10 Inclusive;
*Defendants*

## COMPLAINT

## I. INTRODUCTION

This is a civil action seeking remedy for violations under multiple federal and state

consumer protection statutes. Plaintiff, a consumer, was harassed by Appriss with

robodialed calls with prerecorded messages.  Plaintiff told Appriss to stop calling him, and

Appriss called him over sixty (60) times after being told to cease and desist.

1.     Appriss is a data and analytics company that harvests American's consumer data and

       sells it for profit.

2.     Appriss runs a "victim notification" service where it robodials "victims" of a "crime"

       is a suspected offender is transferred or released from a correctional facility.

3.     Appriss profits from the misery of victims by contracting with states such as Rhode

       Island to provide hourly updates on the status of alleged offenders.

4.     Appriss claims that this service is necessary so that "victims" can be aware of when

       an alleged offender is released.  Appriss believes the victims need to be on alert when

       the Court releases dangerous offenders who are a risk to society.

5.     Plaintiff never signed up for an Appriss account or a victim notification account.

1

Case Number: WC-2019-0540
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

Case 1:19-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 6 of 49 PageID #: 10

6.      After Plaintiff received several prerecorded messages from Defendant, Plaintiff sent a

        a certified letter to Appriss to tell Appriss to stop calling Plaintiff.  After Appriss

        received and signed for Plaintiff's letter, Appriss called Plaintiff over 60 times with

        prerecorded messages.

7.      The Plaintiff brings this action alleging that the Defendants Appriss Inc., and Does 1-

        10 engaged in harassing, abusive, and prohibited conduct while attempting to collect

        an alleged debt in violation of the Telephone Consumer Protection Act, 47 U.S.C. §

        227 (hereinafter "TCPA").  The Plaintiff seeks statutory damages, actual damages,

        costs, and attorney's fees for each Defendant under the TCPA, and RIGL § 9-30-2.

8.      The Plaintiff also alleges that Defendants' conduct while attempting to collect the

        alleged debt constituted a deceptive practice in violation of the Rhode Island

        Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA").  The

        Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive

        relief, and punitive damages for each Defendant under the DTPA.

9.      The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy

        under RIGL § 9-1-28.1 *et seq.*  The Plaintiff seeks actual damages, costs, attorney's

        fees, injunctive relief under the statute.

10.     Plaintiff also seeks declaratory relief as authorized by the Rhode Island Uniform

        Declaratory Judgments Act (RIGL § 9-30-2).

11.     Any violations by Defendants were knowing, willful, intentional, and Defendants

        did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

12.     This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47

2

Case Number: WC-2019-0540
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

Case 1:19-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 7 of 49 PageID #: 11

U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

13. This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

14. Plaintiff's action for declaratory relief is authorized by the Rhode Island Uniform Declaratory Judgments Act (RIGL § 9-30-2).

15. The Plaintiff is a resident of this County and the conduct complained of took place in this County.

### III. PARTIES

16. The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island.

17. Upon information and belief, Appriss Inc. provides, *inter alia,* data services to Rhode Island consumers.

18. Upon information and belief, Appriss Inc. may be served upon its registered agent in the State of Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

19. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

### IV. FACTUAL ALLEGATIONS

20. At all times relevant to this Complaint, Defendants were engaged in the business of providing notification services to consumers.

21. Plaintiff does not have any account or any relationship with Appriss Inc.

22. In September 2019, Plaintiff began receiving calls from Appriss.

23. Every call that Plaintiff received from Aprriss contained an artificial or prerecorded

3

Case Number: WC-2019-0540
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

Case 1:19-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 8 of 49 PageID #: 12

voice. Plaintiff recognized this because each call had the exact same message, same voice, same rhythm, and same intonation.

24. In the prerecorded messages that Appriss transmitted to Plaintiff, Appriss did not state clearly at the beginning of the message the identity of the business, individual, or other entity initiating the call.

25. In the prerecorded messages that Appriss transmitted to Plaintiff, Appriss did not state clearly the telephone number or address of such business, other entity, or individual.

26. During the prerecorded message, Appriss required a "four digit PIN" number to stop the calls.

27. Plaintiff does not have a four digit PIN number because he never authorized the calls in the first place.

28. Plaintiff researched and discovered that the victim notification network (called "vine" during the prerecorded message) is operated by Appriss Inc.

29. On September 26, 2019, Plaintiff sent a letter to Appriss Inc. via US certified mail, return receipt requested.

30. In corporate filings with the Rhode Island Secretary of State, Appriss Inc. lists a principal address of 9901 Linn Station Road Suite 500, Louisville, KY 40223.

31. Plaintiff sent the letter to Appriss Inc. at 9901 Linn Station Road Suite 500, Louisville, KY 40223.

32. In Plaintiff's letter, he included his name, phone number, and address, and Plaintiff clearly stated, "Please don't call me or send me text messages. You have the wrong number."

4

33. Appriss Inc. signed for receipt of Plaintiff's letter on September 30, 2019.

34. Despite a clear and unmistakable request from Plaintiff to stop calling him, Appriss continued to call Plaintiff more than SIXTY (60) times.

35. It is unreasonable for Appriss (which runs an immediate status update call on the hourly locations of alleged offenders) to call Plaintiff sixty additional times before ceasing the calls.

36. Each time Plaintiff answered the Appriss calls, he again heard the same prerecorded messages from Appriss.

37. Upon information and belief, Appriss uses the number 502 213 2798 to contact consumers.

38. Upon information and belief, Appriss uses the number 866 277 7477 to contact consumers.

39. Appriss uses a prerecorded voice to contact Plaintiff.

40. When Appriss calls Plaintiff, it often makes repeated calls within one minute of eachother. For example, after Plaintiff answers the call from Appriss and hears the prerecorded voice message, Plaintiff hangs up. Less than thirty seconds later, Appriss calls Plaintiff again with the exact same message. This happened on at least 30 occasions.

41. When Appriss called Plaintiff, it often called at exactly twenty-two minutes after the hour. For example, during one day, Appriss called Plaintiff at 7:22 AM, 8:22 AM, 9:22 AM, 10:22 AM, 11:22 AM 12:22 PM, 1:22 PM, 2:22 PM, 3:22 PM, 4:22 PM, 5:22 PM, 6:22 PM, 7:22 PM, and 8:22 PM. Each of these calls were the same prerecorded voice message.

42.   Because of the repetitive nature of the calls (as described above), and because of the cyclical timing of the calls, and because the calls had no human on the other end of the calls, Plaintiff avers that Appriss employs an automated telephone dialing system to call Plaintiff.

43.   Plaintiff never requested by an agreement or otherwise that he be contacted by Appriss.

44.   Plaintiff never provided his cellular telephone number to Appriss and never provided his consent to Appriss to be contacted on his cellular telephone.

45.   Plaintiff's phone number is part of the national Do Not Call registry.

46.   Appriss' calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

47.   The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

48.   After receiving Plaintiff's letter telling Appriss not to call him, Appriss called Plaintiff over sixty times. On October 11, 2019, Appriss called Plaintiff yet again to tell Plaintiff that...Appriss would stop calling him!

49.   The robocalls were annoying, abusive, and harassing to Plaintiff.

50.   The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

51.   Defendants do not maintain a written policy for maintaining a do-not-call list.

52.   Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

6

Case Number: WC-2019-0549
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 11 of 49 PageID #: 15

53. Plaintiff incurred damages as a result of Defendants' unlawful conduct.

54. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

55. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

56. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

57. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

58. Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

59. Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

60. Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

61. Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

62. Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

63. Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

## V. STATUTORY STRUCTURE TELEPHONE CONSUMER PROTECTION ACT

64. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

65. The TCPA regulates, *inter alia*, the use of automated telephone dialing systems.

66. Under the TCPA, an "automated telephone dialing system" ("ATDS") is:

7

(1) an automated dialing system capable of storing or producing and dialing telephone numbers, using a random or sequential number generator; and/or (2) a predictive dialer, which makes automated calls at a pace designed to optimize matching a connected call with an available agent. See 47 U.S.C. § 227(a)(1)); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 F.C.C.R. 559, ¶ 12 (2008) ("FCC 2008 Declaratory Ruling").

67.   Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

68.   According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C.R. 14014 (2003).

69.   In the FCC 2008 Declaratory Ruling, the FCC confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.

## VI. STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

70.   The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful

8

Case Number: WC-2019-0540
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

Case 1:19-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 13 of 49 PageID #: 17

the "unfair methods of competition and unfair or deceptive acts or practices in the

conduct of any trade or commerce." RIGL § 6-13.1-2.

71.   Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural

persons, corporations, and any other legal entity.  RIGL § 6-13.1-1 (3).

72.   Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce"

mean the sale or distribution of any services and any property, tangible or intangible,

real, personal, or mixed, and any other article, commodity, or thing of value

wherever situate, and include any trade or commerce directly or indirectly affecting

the people of Rhode Island.  RIGL § 6-13.1-1 (5).

73.   Under the Rhode Island Deceptive Trade Practices Act, unfair methods of

competition and unfair or deceptive acts or practices include (but are not limited to)

any one or more of the following:

   a.  Engaging in any other conduct that similarly creates a likelihood of confusion
       or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b.  Engaging in any act or practice that is unfair or deceptive to the consumer
       [RIGL § 6-13.1-1 (6) (xiii)].
   c.  Using any other methods, acts or practices which mislead or deceive members
       of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

74.   Under the Rhode Island Deceptive Trade Practices Act, any provider of goods and

services who fails to comply with the provisions of RIGL § 6-13.1 is liable for any

actual damages sustained; punitive damages; attorneys' fees as determined by the

Court and costs of this action.  The Court may also provide equitable relief.  RIGL §

6-13.1-5.2.

## VII. STATUTORY STRUCTURE RIGHT TO PRIVACY

75.   Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state

shall have a right to privacy which shall be defined to include, *inter alia*, the right to

9

Case Number: WC-2019-0540
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

Case 1:19-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 14 of 49 PageID #: 18

be secure from unreasonable intrusion upon one's physical solitude or seclusion.

**COUNT I - Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(3)**

76.　The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

77.　Congress enacted the TCPA to prevent real harm. Congress found that "automated

or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type

of call" and decided that "banning" such calls made without consent was "the only

effective means of protecting telephone consumers from this nuisance and privacy

invasion."[1]

78.　Defendants' violations of the TCPA include, but are not limited to, the following:

  a.　Making and/or initiating a telephone call using an automatic telephone

   dialing system or an artificial or prerecorded voice to any telephone number

   assigned to a cellular telephone service, in violation of 47 U.S.C. §

   227(b)(1)(A)(iii).

79.　As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

80.　Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore,** the Plaintiff requests judgment against each Defendant for

  1)　Actual Damages pursuant to 47 U.S.C. § 227(b)(3);

---

[1] Pub. L. No. 102-243, § 2 (10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. See also *Mims v. Arrow Fin. Servs., L.L.C.*, 565 U.S. 368, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

Case Number: WC-2019-0540
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

Case 1:19-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 15 of 49 PageID #: 19

2) Statutory Damages in the amount of $1,500 per phone call pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendants violated the TCPA.
4) Referral to the Rhode Island Attorney General for further review.
5) Such other relief as the Court may deem just and appropriate.

### COUNT II - Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

81. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

82. Defendants' violations of the TCPA include, but are not limited to, the following:

    i.    Violations of 47 CFR 64.1200

    ii.    Violations of the do not call requirements at 47 U.S.C. § 227(c)

83. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

84. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 per phone call pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendants violated the TCPA.
4) Referral to the Rhode Island Attorney General for further review.
5) Such other relief as the Court may deem just and appropriate.

### COUNT III – RHODE ISLAND DTPA

85. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

86. Defendants violated the restrictions the RI DTPA imposes on them prohibiting

Case Number: WC-2019-0540
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

Case 1:19-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 16 of 49 PageID #: 20

Defendants from using unfair and deceptive practices in violation of Rhode Island

General Law § 6-13.1 *et seq.*

87.   Defendants' actions or transactions are not permitted by the Rhode Island

department of business regulation.

88.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined by the court, and he may recover therefore pursuant to

Rhode Island General Law § 6-13.1-5.2.

89.   Such conduct and actions of Defendants were willful, egregious, wicked, and, as a

result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General

Law § 6-13.1-5.2.

90.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)   Actual Damages pursuant to RIGL § 6-13.1-5.2;
2)   Statutory Damages against Apria Healthcare in the amount of $200 for
     each violation of the Rhode Island Deceptive Trade Practices Act
     pursuant to RIGL § 6-13.1-5.2;
3)   Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4)   Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5)   Declaratory Relief that Defendants violated the RI DTPA.
6)   Injunctive Relief to refer the Court's findings to the Rhode Island
     Attorney General for prosecution under RIGL § 19-14.9-13.
7)   Such other relief as the Court may deem just and appropriate.

## COUNT IV – RIGHT TO PRIVACY

91.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

92.   Defendants violated the restrictions the privacy statute imposes on them prohibiting

Case Number: WC-2019-0540
Filed in Washington County Superior Court
Submitted: 10/18/2019 1:46 PM
Envelope: 2302742
Reviewer: Brittany M.

Case 1:19-cv-00605-WES-LDA   Document 1-1   Filed 11/19/19   Page 17 of 49 PageID #: 21

Defendants from invading Plaintiff's privacy in violation of Rhode Island General

Law § 9-1-28.1 *et seq.*

93.  As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

94.  The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.
4) Declaratory Relief that Defendants violated the Plaintiff's Right to Privacy.
5) Such other relief as the Court may deem just and appropriate.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
17 Richard Smith Rd.
Narragansett, RI 02882
chrislaccinole@gmail.com

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1.   **Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou**

2.   **Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou**

3.   **Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:**

> **Gabinete de Intérpretes Judiciais**
> **Complexo Judicial Licht**
> **Quarto Piso, Sala 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- **O nome e número do seu processo**
- **O idioma que solicita**
- **A data e hora da sua audiência**
- **O local da sua audiência**
- **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

មើលសេចក្ដីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្ប៉ាញ និងព័ត៌មានបន្ថែមនៅលើទំព័រដែលបានភ្ជាប់។

## សេចក្ដីជូនដំណឹង

### លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការរដ្ឋ Rhode Island។

### លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។



ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012–05 បានចែងថានៅពេលបុគ្គលដែលមានសំណេរនិងវៃថ្លៃភាសាអង់គ្លេសមានកំណត់ (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island និងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុះចោទ ដើម្បីចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬនរណាម្នាក់ដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងសំណើរការតុលាការ។ សេវាកម្មបកប្រែនេះ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់ទុកពី និងនៅគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែក្នុងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។ ដើម្បីប្រកាសពេលវេលាអ្នកបកប្រែសម្រាប់ថ្ងៃជួបសវនាការរបស់លោកអ្នក លោកអ្នកអាចប្រើវិធីណាមួយខាងក្រោម ៖

1.  ទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710 ឬ
2.  ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3.  ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីប្រកាសពេលវេលាអ្នកបកប្រែ ៖

    **The Office of Court Interpreters**
    **Licht Judicial Complex**
    **Fourth Floor, Room 401**
    **250 Benefit Street**
    **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ អ្នកផ្ដល់នូវព័ត៌មានជួបខាងក្រោម ៖

- ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក
- កាលដែលលោកអ្នកស្នើសុំ
- កាលបរិច្ឆេទ និងម៉ោងសវនាការរបស់លោកអ្នក
- ទីតាំងនៃសវនាការរបស់លោកអ្នក
- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទាក់ទងកំឡុងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាភាសាកំពូលទុកឡើស រុស្ស៊ី និងអេស្ប៉ាញ រួមទាំងបញ្ជីទម្រង់បែបបទតុលាការដែលមានជាភាសាអេស្ប៉ាញនោះ សូមចូល ទៅកាន់គេហទំព័រអ៊ីនធឺណិតខាងក្រោមនៅលើអ៊ីនធឺណិត ៖

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

ដើម្បីស្នើសុំការបកប្រែសេចក្ដីជូនដំណឹងនេះជាភាសាមួយផ្សេងទៀត សូមទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ វាជាការចាំបាច់ដែលត្រូវមានអ្នកឯកទេសភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទមក។

តុលាការ Rhode Island ប្ដេជ្ញាធ្វើឱ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ
**Licht Judicial Complex**
**Fourth Floor Room 401**
**250 Benefit Street**
**Providence, RI 02903**

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. **Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. **Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

      Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding.  This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal.  Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1.     **Call the Office of Court Interpreters at (401) 222-8710, or**

2.     **Send an email message to <u>interpreterfeedback@courts.ri.gov</u>, or**

3.     **Visit the interpreters' office to schedule an interpreter:**

        **The Office of Court Interpreters**
        **Licht Judicial Complex**
        **Fourth Floor, Room 401**
        **250 Benefit Street**
        **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

        **The name and number of your case**
        **The language you are requesting**
        **The date and time of your hearing**
        **The location of your hearing**
        **Your name and a telephone number where we can reach you or your lawyer**

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

<u>https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.</u>

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710.  It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

<div align="center">

The Office of Court Interpreters
Licht Judicial Complex Fourth
Floor Room 401
250 Benefit Street
Providence, RI 02903

</div>

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e portuguesa nas páginas em anexo.



# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.
Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2. **Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o**

3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Cuarto Piso, Oficina 401 A-B**
> **250 Benefit Street**
> **Providence, RI 02903**

**Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas  mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**WASHINGTON COUNTY**


**Christopher Laccinole**                    **C.A. No. WC-2019-0540**
*Plaintiff*

**Vs.**

**Appriss Inc.,**
**&**
**Does 1-10 Inclusive;**
*Defendants*

## PLAINTIFF'S FIRST SET OF COMBINED REQUSTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Pursuant to Rule 34, and Rule 36 of the Superior Court Rules of Civil Procedure, Plaintiff Christopher Laccinole requests that Defendant Appriss Inc. answer the following requests for production of documents, and requests for admission.

### INSTRUCTIONS AND DEFINITIONS

1.      Respond to each request pursuant to the instructions and definitions.

2.      If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If a request cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

3.      Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of five years prior to the date of filing the complaint to the present.

4.      If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type

1

(e.g., letter, memorandum), date, and author of the privileged communication or
information, all persons that prepared or sent it, and all recipients or addressees; (b) identify
each person to whom the contents of each such communication or item of information have
heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d)
state the basis upon which the privilege is claimed.

     5.     If any document requested was, but no longer is, in your possession or subject
to your control, please state: (a) the date of its disposition; (b) the manner of its disposition
(e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the
circumstances surrounding the disposition of the document.

     6.     If any paragraph of this request is believed to be ambiguous or unduly
burdensome, please contact the undersigned and an effort will be made to remedy the
problem.

     7.     "Document(s)" shall mean and include any printed, typewritten, handwritten
or otherwise recorded matter of whatever character, including specifically, but not
exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and
other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes,
studies, newspapers, news reports, business records, book of account(s) or other books,
ledgers, balance sheets, journals, personal records, personal notes, any piece of paper,
parchments, or other materials similarly used with anything written, typed, printed,
stamped, engraved, embossed, or impressed upon it, accountants statements, accounting
records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics,
notes of meetings, or conversations or other notes, catalogues, written agreements, checks,
announcements, statements, receipts, returns invoices, bills, warranties, advertisements,

guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, worksheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders (or other from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials.  The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information , data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.  For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

a.     The nature of the document (e.g., letter, memorandum, contract, etc.);

b.     The author or sender of the document;

c.     The recipient of the document;

d.     The date the document was authored, sent, and/or received,; and

e.     The reason such document is allegedly privileged.

"Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

"Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

3

"Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or as some other location.   The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

"Identify" means that you should state:

      a)      Any and all names, legal, trade or assumed;

      b)      All addresses used;

      c)      All telephone and tele-fax numbers used; and, if applicable:

      d)      Brand, make, manufacturer's name, address, phone number, and the manufacturer's relationship to any and all defendants in the above captioned action; and

      e)      Employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

"Person(s)" means any human being, sole proprietorship, limited partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

"Describe" means to represent or give an account of in words.

4

"User" means any person or computer which interacts with a different computer.

If any Request may be answered fully by a document, the document may be attached in lieu of any answer if the document is marked to refer to the Request to which it responds.

"Plaintiff" refers to Christopher Laccinole aka Chris Laccinole.

"TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* with all amendments.

"RI DTPA" means the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1, *et. seq.* with all amendments.

"Defendant" "you" and "your" shall mean Appriss Inc. and/or any of its employees, representatives, agents, accountants/investigators, attorneys, subsidiaries, lessees, sureties, and/or any other person, firm, corporation or governmental body which is in possession of such information in the Request or which may have obtained information for them on their behalf.

"SAN" means Subscription Account Number which is a license number given the FCC to scrub consumer data against the national do not call registry/list.

"FCC" means the Federal Communications Commission.

"ATDS" refers to Automatic Telephone Dialing Systems as defined by the TCPA and FCC.

"DNC" means "Do-Not-Call" and refers to the national registry/list maintained by the federal government which consumers who do not want unsolicited calls may register, and which companies are required to cross verify numbers it intends to call on a monthly basis.

"Internal" DNC refers to private and internal lists which companies are required to maintain within their business and update internally when consumers request them to stop calling.

"SAN scrub" means the process of removing numbers from company call lists that appear on the most recent national do-not-call list.

"DBA" means "doing business as" or a name of your business that you use and communicate to your customers or prospective customers that might differ from the corporate name.

"CL programmer" means Control Language that is used to program IBM based servers, namely PBX servers.

"PBX server" means a telephone main switchboard system that acts as a router for all phone calls both inbound and outbound.

"Virtual PBX VOIP (voice over internet protocol) system" means a digital based PBX based system that shares the same functionality.

"VOIP gateway" means voice over internet protocol gateway system that allows the conversion of analog telephone audio signal to digital binary.

"IVR system" means interactive voice recording system used as prerecorded phone greetings typically used in interacting consumers in volume with no human intervention.

"Automated dialer(s)" means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

"Predictive dialer" means software that allows a party to initiate phone calls while employees are talking to other consumers and includes a telephone control system that

6

automatically calls a list of telephone numbers in sequence, screening out no-answers, busy signals, answering machines and disconnected numbers while predicting at what point a human caller will be able to handle the next call.

"Automatic telephone dialing system(s)" (ATDS) means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

"Cloud based" means a remote server in which a program or data can be stored and accessed via the internet.

"Established Business Relationship" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a consumer with or without an exchange of consideration, on the basis of the consumer's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the consumer's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

"Telephone solicitation" means a telephone call or message initiated by you for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

"Plaintiff's telephone number(s)" means Plaintiff's cellular number 4012583366.

The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

"And" as well as "or" shall be construed both conjunctively as well as disjunctively.

7

"Each" shall be construed to include "every" and vice versa.

"Any" shall be construed to include "all" and vice versa.

"Complaint" refers to Plaintiff's Complaint.

"Communication" means the conveying of information directly or indirectly to any person through any medium.

If you claim a privilege as a basis for not responding completely to a request or otherwise object to a request, describe the factual basis for your claim of privilege or other objection in sufficient detail to permit the Court to adjudicate the validity of the claim or objection.

When a request requires you to identify a person, individual, or a witness, state that person's name, address, and telephone number.

## PRODUCTION OF DOCUMENTS

Plaintiff requests that Defendant produce the following documents in accordance with the Superior Court Rules of Civil Procedure and mail to:

Christopher Laccinole
17 Richard Smith Road
Narragansett RI 02882

PRODUCE:

1.    Produce all documents used and identified by you in response to each Request for Admission served contemporaneously with this request.

2.    Produce all documents that are in your possession, custody, or control that you may use at trial to support your defenses with respect to Plaintiffs' Complaint.

3.    Produce all past judgments, court opinions, complaints, and consent orders concerning your practices under the TCPA, or RI DTPA.

4.    Produce a legend for the records produced in production of documents number 3.

5.    Produce your Employee Manual(s).

6.    Produce all journals, memoranda, notes, calendars, correspondence, emails, account statements, and any other documentation upon which you intend to rely to substantiate your claims.

7.    Produce any insurance agreement (including policies for errors and omission) under which any person carrying on as an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

8.    Produce all manuals, procedures, training materials, and protocols used in the last four years by Defendant to comply with the TCPA, or RI DTPA.

9.    All documents relating to plaintiff, Christopher M Laccinole, or which are indexed, filed or retrievable under Plaintiff's name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

10.   All screen shots and electronic notes taken by your employees during any communications with the plaintiff or which in any way reference the Plaintiff.

11.   All documents transmitted to Plaintiff. Please include the formatting for any letter or document which you sent but for which you do not have a precise copy.

12.   All contracts or manuals regarding the telephone and communications systems used to call Plaintiff.

13.   Provide any and all documents, data or things that show the Plaintiff's express consent to receive telephone calls on a cellular telephone, or to receive calls on their cellular phone through use of an automatic telephone dialing system or a system that has the capacity to autodial.

14.   All records of outgoing calls which Defendant made to Plaintiff's wireless or wireline phone(s) [including 4012583366] for the past year.

15.   All records of outgoing text messages which Defendant made to Plaintiff's wireless or wireline phone(s) [including 4012583366] for the past year.

16.   Please do a manual and computer search for the past five years for all documents, emails or things in your possession that mention the following specific terms:

   a. Telephone Consumer Protection Act;

   b. TCPA;

   c. Auto-dialer;

      d.    Auto within 5 words of dial;

17.     All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment used to call Plaintiff.

18.     All invoices over the past five years for telephony equipment or software, including but not limited to automatic telephone dialing systems.

19.     All sales literature for telephony equipment or software used by Defendant over the past five years, including but not limited to automatic dialing systems.

20.     All contracts, agreements, manuals, and communications with third parties concerning Defendant's telephony systems and dialing telephone calls over the past five years.

21.     All documents that discuss or relate to policies, practices or procedures associated with making telephone calls to consumer cellular phones, including but not limited to use of an automatic telephone dialing systems.

22.     All manuals, memoranda, instructions and other documents which discuss describe or set forth standards, criteria, guidelines, policies or practices relating to the TCPA, RI DTPA as they relate in any way to Defendant making telephone calls.

23.     All manuals, memoranda, emails, data, instructions, and other documents setting forth defendant's policies, procedures or practices relating to it's business by means of telephone calls, including but not limited to the use of automatic telephone dialing systems.

24.     All documents from any third party that concern Defendant's making telephone calls to consumer's cellular phones, including but not limited to flyers, publications, emails, audio files and presentations.

25. All documents from any source used by Defendant that concern the legality or propriety of making telephone calls to consumer's wireless and wireline phones.

26. All documents relating to any judicial or administrative proceeding (irrespective of date) in which Defendant was accused of violating the Telephone Consumer Protection Act, any state statute regulating telecommunications, or of committing a tort while engaging in telecommunications activities, where the accusation concerns telephone calls to wireless and/or wireline phones.

27. All documents (irrespective of date) relating to any claim made against defendant for violating the TCPA, RI DTPA, any state statute regulating telecommunication practices, or of committing a tort while engaging in telephone calls to wireless or wireline phones.

28. All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to telephone calls to wireless or wireline phones.

29. All documents (irrespective of date) that discuss Defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

30. All organizational charts of Defendant for the department that contacted Plaintiff or the departments responsible for purchasing or maintaining the communications system that was used to call Plaintiff.

31. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could determine whether a

12

telephone number is or was a cellular telephone number.

32.   All documents concerning or relating to any effort, ever, by Defendant to determine
      a process, policy or practice whereby Defendant could comply with the TCPA.

33.   All documents concerning or relating to any effort, ever, by Defendant to determine
      a process, policy or practice whereby Defendant could comply with the TCPA's
      provisions concerning the national DNC.

34.   All insurance policies that could possibly afford coverage with respect to the matters
      complained of in this case together with all correspondence accepting or declining
      coverage or reserving rights with respect thereto.

35.   All statistics, studies and/or reports in Defendant's possession concerning the use of
      telephony and/or the use of automatic telephone dialing systems or system with the
      capacity to autodial.

36.   All documents relating to the maintenance by defendant of policies, practices or
      procedures adapted to avoid calling persons who did not consent, or revoked
      consent, to be called on their cellular telephones.

37.   All documents relating to the maintenance by defendant of policies, practices or
      procedures adapted to avoid calling persons who have registered their phone
      numbers on the national DNC.

38.   Defendant's entire file, including any documents or data that show Plaintiff's consent
      to receive calls on his/her cellular telephone.

39.   Any and all documents identified in Defendant's response to all sets of Plaintiff's
      Request for Admissions, and Requests for Statements.

40.   Documents summarizing, describing, instructing, detailing, or otherwise training any

13

and all of Defendant's employees in any and all of the following areas:

    a.      Defendant's telecommunications policies;

    b.      Defendant's telecommunications procedures;

    c.      Defendant's telecommunications methods;

    d.      Defendant's telecommunications techniques;

    e.      Defendant's telecommunications tactics;

    f.      Defendant's telecommunications rules;

    g.      Defendant's compliance with the federal and state laws which Plaintiff alleges Defendant violated in this case;

    h.      Defendant's internal telecommunications regulations; and

    i.      Defendant's compliance with local, state, or federal laws, codes, or regulations.

41.    Any and all training, personnel, or other instruction manuals used by any and all telephone personnel who are employed by or supervised by Defendants.

42.    Any and all telecommunications software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in making telecommunications calls.

43.    Any and all documents in the possession or control of the Defendant that any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

44.    Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to call Plaintiff, including but not limited to:

a.   Records of all inbound or outbound telephone calls, to or from any Plaintiff;

b.   Records of all inbound or outbound United States mail, to or from any Plaintiff.

c.   Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

d.   Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff from third party auto-dialer vendors.

45.   Any and all printouts computer, mechanical, electronic, screen shots or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant in placing telecommunications calls to Plaintiff, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable and related to any Plaintiff.  PLEASE PRODUCE THESE ITEMS IN THEIR NATIVE, READABLE, ELECTRONIC, AND SEARCHABLE FORMAT.

46.   Produce any and all documentation and information regarding the Plaintiff received by the Defendant from its third party auto dialer vendors, in both printed and as electronically received and stored.

47..   Produce all contracts and amendments thereto between the Defendant and its third party auto dialer vendors, in both printed and as electronically received and stored.

48.   Produce any and all letters, memos, notes, or documents generated and/or received by Defendant regarding any and all calls made to Plaintiff.

15

49. Produce any and all documents that reflect any disciplinary violations issued by Defendant in connection with Defendant contacting Plaintiff.

50. Produce any and all documents that support any affirmative or bona fide error defenses asserted by the Defendant or that the acts or omissions which were alleged by the Plaintiff were the result of errors, acts or omissions of Co-Defendants in this matter (or third parties not named in the action), and not as a result of any act, error or omission of Defendant.

51. Produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

52. Produce the chart of the Defendant's organization of corporate officers and directors including TCPA compliance officers and legal department;

53. Any and all written procedures in place for removing consumer's cell number from the Defendant's auto-dialer (and/or Defendant's third party auto dialer vendors) after consumer revokes consent to be called on his or her cell phone or wireline.

54. Produce all written documents which identify and discuss duties of the managing officer or agent responsible for TCPA policy and compliance.

55. Produce the declaration and policy contract of any insurance which may be available to cover such incidents as described in the complaint.

56. All documents concerning your procedures reasonably adapted to make sure a consumer is not contacted once Defendant receives notice of a cease communication request.

57. The text of prerecorded messages left for the consumer as it existed between January

1, 2019 and October 18, 2019.

58.   Produce copies of any litigation filed against the Defendant containing provisions dealing directly with the alleged violations of the TCPA, or RI DTPA.

59.   Produce all financial reports and statements to investors of the Defendant for the past two years.

60.   Produce all income tax returns of the Defendant for the past two years.

61.   Produce copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

62.   Produce all exhibits which Defendant proposes to introduce at trial.

## REQUESTS FOR ADMISSION

### INSTRUCTIONS

The Defendants must respond to these Admissions of Facts.  It shall not be a proper Objection that the requested Admission seeks admission of a central fact in question, nor shall it be deemed a valid objection that the Defendant claims no knowledge of the fact in question.  All responses or Objection must be made in compliance with the Rules of Civil Procedure.  In the event that the party responding to the Request for Admissions denies a request, and the Plaintiff is required to prove the truth of the matter asserted in the request, the responding party may be deemed liable for the costs of proving such fact, including attorney fees.

1.     In responding to this Request, you are required to exercise reasonable diligence and provide a response when the facts are available to you or any of your representatives, divisions, employees, agents, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, divisions, employees, agents or attorneys, as may be necessary to admit or deny the fact asserted.

2.     "Plaintiff" shall refer to the Plaintiff, Christopher Laccinole.

3.     "Defendant" shall refer to the Defendant, Appriss Inc.

4.     The term "any" shall be deemed to include and encompass the words "each" and "all".

5.     The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

6.     The singular shall be construed to include the plural and vice versa to make the

18

request inclusive rather than exclusive.

7.    The terms "you" and "your" shall be construed to include the Defendant.

8.    "Exhibit A" shall refer to the letter sent by the Plaintiff to the Defendant on
       September 26, 2019, attached hereto as Exhibit A.

9.    "Exhibit B" shall refer to the return receipt from the letter the Plaintiff sent to the
       Defendant on September 26, 2019, attached hereto as Exhibit B.

ADMISSIONS:

1.    Admit that Plaintiff is a person as defined by the Rhode Island Deceptive Trade
       Practices Act.

2.    Admit that Plaintiff is a person as described by the TCPA.

3.    Admit that Defendant is a person as described by the TCPA.

4.    Admit that Defendant is a person as defined by the Rhode Island Deceptive Trade
       Practices Act.

5.    Admit that Plaintiff's cellular phone number 4012583366 was registered with the
       National Do Not Call Registry.

6.    Admit that Defendant had an automatic telephone dialing system as that term is
       defined in 47 U.S.C. § 227(a)(1).

7.    Admit that Defendant used a prerecorded message when calling Plaintiff.

8.    Admit that Defendant used an automatic telephone dialing system to call Plaintiff.

9.    Admit that Defendant used an automatic telephone dialing system to call Plaintiff's
       cellular telephone number.

10.   Admit that Defendant's file on Plaintiff included a reference to the phone number
       4012583366.

11.   Admit that Defendant used an automatic telephone dialing system to call the telephone number 4012583366.

12.   Admit that Defendant used an automatic telephone dialing system to place at least two (2) calls to the telephone number 4012583366.

13.   Admit that Defendant used an automatic telephone dialing system to call Plaintiff according to its own policies and procedures.

14.   Admit that Defendant used an automatic telephone dialing system to call some of its customers according to its own policies and procedures.

15.   Admit that Defendant had a predictive telephone dialing system.

16.   Admit that Defendant used a predictive telephone dialing system to call Plaintiff.

17.   Admit that Defendant used a predictive telephone dialing system to call Plaintiff's cellular telephone.

18.   Admit that Defendant used a predictive telephone dialing system to call 4012583366.

19.   Admit that Defendant used a predictive telephone dialing system to place at least two (2) calls to the telephone number 4012583366.

20.   Admit that Defendant used a predictive telephone dialing system to call Plaintiff according to its own policies and procedures.

21.   Admit that Defendant used a predictive telephone dialing system to call some of its customers according to its own policies and procedures.

22.   Admit that Defendant had equipment with the capacity to dial telephone numbers without human intervention.

23.   Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff.

24.   Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff's cellular telephone.

25.   Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call 4012583366.

26.   Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to place at least two (2) calls to the telephone number 4012583366.

27.   Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff according to its own policies and procedures.

28.   Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call some of its customers according to its own policies and procedures.

29.   To the extent that Defendant had equipment with the capacity to dial telephone numbers without human intervention, admit that this equipment would, upon answer of the telephone call by a person, connect that person to an employee of Defendant, if one was available.

30.   Admit that Defendant utilized automated or pre-recorded voice in contacting consumers.

31.   Admit that Defendant utilized automated or pre-recorded voice in contacting Plaintiff.

32.   Admit that Defendant used automated or pre-recorded voice to call Plaintiff's cellular telephone.

33.   Admit that Defendant used automated or pre-recorded voice to place calls to 4012583366.

34.   Admit that Defendant utilized automated or pre-recorded voice to place at least two (2) calls to the telephone number 4012583366.

35.   Admit that Defendant utilized automated or pre-recorded voice to call Plaintiff according to its own policies and procedures.

36.   Admit that Defendant utilized automated or pre-recorded voice to call some of its customers according to its own policies and procedures.

37.   Admit that Defendant called the number 4012583366 on September 26, 2019.

38.   Admit that Defendant called the number 4012583366 on September 27, 2019.

39.   Admit that Defendant called the number 4012583366 on September 28, 2019.

40.   Admit that Defendant called the number 4012583366 on October 3, 2019.

41.   Admit that Defendant called the number 4012583366 on October 4, 2019.

42.   Admit that Defendant called the number 4012583366 on October 5, 2019.

43.   Admit that Defendant called the number 4012583366 on October 9, 2019.

44.   Admit that Defendant called the number 4012583366 on October 10, 2019.

45.   Admit that Defendant called the number 4012583366 on October 11, 2019.

46.   Admit that Plaintiff did not give Defendant consent to call his cellular telephone number.

47.   Admit that Plaintiff did not give Defendant consent to call 4012583366.

48.   Admit that Plaintiff gave Defendant consent to call his cellular telephone number.

49.   Admit that Plaintiff gave Defendant consent to call 4012583366.

50.   Admit that at times during the applicable time period, Defendant did not have a

policy or practice of obtaining consent from its customers before calling their cellular telephone numbers.

51.   Admit that the cell phone number 4012583366 at all times material and relevant to this matter is a cellular telephone number assigned to Plaintiff.

52.   Admit that Defendant called the telephone number 4012583366 without the express consent of Plaintiff.

53.   Admit that Plaintiff requested Defendant to stop calling Plaintiff's cell phone number.

54.   Admit that Defendant did not have an emergency purpose for calling the telephone number 4012583366.

55.   Admit that Defendant uses the telephone number 502 213 2798.

56.   Admit that Defendant uses the telephone number 866 277 7477.

57.   Admit that Defendant used the telephone number 502 213 2798 to call 401 529 8214.

58.   Admit that Defendant used the telephone number 866 277 7477 to call 401 529 8214.

59.   Admit that Defendant received Exhibit A.

60.   Admit that "Mae Douglas" worked for Defendant on or about September 30, 2019.

61.   Admit that "Mae Douglas" signed Exhibit B.

Date:  October 18, 2019

The Plaintiff,
Christopher Laccinole


/s/ *Christopher M. Laccinole*
Christopher M. Laccinole
17 Richard Smith Rd.
Narragansett, RI 02882
chrislaccinole@gmail.com

23

## CERTIFICATE OF SERVICE

The Plaintiff certifies that on October 21, 2019, he mailed a copy of the foregoing Plaintiff's First Set of Combined Requests for Production of Documents, and Requests for Admission by USPS certified return receipt mail to the registered agent of Defendant at:

CT Corporation System
450 Veterans Memorial Parkway, Suite 7A
East Providence, RI 02914

<div style="margin-left:40%">

The Plaintiff,
Christopher Laccinole


*/s/ Christopher M. Laccinole*
Christopher M. Laccinole
17 Richard Smith Rd.
Narragansett, RI 02882
chrislaccinole@gmail.com

</div>

24

# EXHIBIT

# A

September 26, 2019

Appriss, Inc.

9901 LINN STATION ROAD

SUITE 500

LOUISVILLE, KY 40223

Dear Appriss,

Please don't call me or send me any text messages.  You have the wrong number.

Sincerely,

Chris Laccinole

17 Richard Smith Road

Narragansett RI 02882

(401) 258-3366

# EXHIBIT

# B

SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | 05-WES | 11/19/19

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

x _Mae Jones_ ☐ Agent ☐ Addressee

**B. Received by (Printed Name)** MAE DOUGLAS **C. Date of Delivery** 7/30/19

**Article Addressed to:**

Appriss Inc.
1901 Linn Station Road
Suite 500
Louisville, KY 40223

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 3876 8060 2417 02

**Article Number** (Transfer from service label)

7019 0140 0000 3358 6315

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053 **Domestic Return Receipt**